IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**ROBERT M. LYDEN,**

      Plaintiff,

            v.

**ADIDAS AMERICA, INC. et al.,**

      Defendants.

No. 3:14-cv-01586-MO

OPINION AND ORDER

**MOSMAN, J.**,

      Defendant adidas America, Inc. ("Adidas") submitted a Motion for Attorney Fees [277] to recover the attorney fees it incurred in responding to Plaintiff Lyden's Motion for Rule 16 Conference [268], as well as the costs it incurred in filing this motion. Mr. Lyden responded in opposition [280] and Adidas replied. For the following reasons, I GRANT the Motion for Attorney Fees [277] and award $10,140.50 to Adidas in attorney fees.

## BACKGROUND

      On April 3, 2017, Mr. Lyden filed a Motion for Rule 16 Conference [268]. Specifically, he requested a status conference to discuss the settlement offers he claims he sent to Adidas. Mr. Lyden stated that he had sent four emails to Adidas between January and March 2017 that were not acknowledged, and he did not believe "complete unresponsiveness" was "appropriate or consistent with professional conduct." Further, he asserted his belief that attorneys for Adidas

had not presented his settlement offers to the "five member executive board of adidas AG who have responsibility for the company and 'three stripe' brand." He argued that he did not believe the attorneys wanted the executives to be aware of his "recent whistle blowing and criticism regarding what [he] believe[s to have] been the unethical and illegal conduct of [] opposing counsel." He also made several arguments related to the merits of his patent claims and the merits of other intellectual property cases involving Adidas.

Adidas opposed the request for a Rule 16 conference and argued that it was intended to "rehash, in open court, the lengthy 'settlement' musings that [Mr. Lyden] regularly emails to adidas." Further, Adidas stated that all of Mr. Lyden's settlement communications had been forwarded to employees at Adidas with settlement authority, who "flatly rejected" the proposals. Adidas also argued that Mr. Lyden had no factual basis for his "belief" that Adidas's attorneys failed to forward his settlement proposals to proper Adidas employees. In fact, during a pre-motion confer under Local Rule 7-1(a)(1)(A), the attorney told Mr. Lyden that all of his settlement offers had been sent to Adidas employees for consideration and that the contemplated motion would be a waste of time and resources. Still, Mr. Lyden filed his motion.

Based on the parties' briefs, I denied Mr. Lyden's motion. In my Order [276], I also allowed Adidas's attorneys to submit a motion for attorney fees to recover the costs they incurred in responding to Mr. Lyden's motion. I did so, in part, because Mr. Lyden has a history of harassing and unprofessional conduct in this case. For example, on February 10, 2015, I ordered Mr. Lyden to follow the procedural rules in this case, and I warned him that future violations could result in the possibility of financial sanctions. Similarly, in July 28, 2016, I again admonished Mr. Lyden to follow the local rules, reminding him that I would take violations seriously.

Adidas claims it incurred $5,879.00 in legal fees in opposing Mr. Lyden's Motion for a Rule 16 Conference, as well as $4,261.50 in preparing this fee motion.[1]  Prior to filing the motion for attorney fees, Adidas claims it offered to settle the attorney fee dispute with Mr. Lyden for $5,000 total, which was less than the fees actually incurred in responding to his Motion for a Rule 16 Conference, and which would avoid further fees in litigating this fee motion.  Mr. Lyden did not agree to the offer and, instead, threatened to release allegedly derogatory information about Adidas if it pursued recovery of the attorney fees.

## DISCUSSION

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citing *Anderson v. Dunn*, 19 U.S. 204, 227 (1821).  "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Id.* (citation omitted).  A federal court may "fashion an appropriate sanction for conduct which abuses the judicial process."  *Id.* at 44-45.  And, "an assessment of attorney's fees is undoubtedly within a court's inherent power," especially "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Id.* at 45-46.  Accordingly, a court may "mak[e] the prevailing party whole for expenses caused by his opponent's obstinacy."  *Id.* at 46.

Here, I find Mr. Lyden's Motion for a Rule 16 conference was made in bad faith and an award of attorney fees is proper in this case.  Mr. Lyden was informed that Adidas's attorneys sent his settlement proposals to the proper employees at Adidas.  He provided no further support for his belief that Adidas's attorneys were required to submit his proposal to other employees or

---

[1] Adidas is not seeking reimbursement of fees incurred in replying to Mr. Lyden's opposition to this motion.

board members of Adidas. To the extent that Mr. Lyden believes he is entitled to a more substantive response than he has received or that Adidas is required to engage more actively in settlement discussions, his beliefs are simply unfounded.  This is especially true given that this case is currently stayed in my court while the claims are under review with the Patent Office, and therefore, Adidas has no duty to move forward with litigating this case in my court at this time. Finally, to the extent Mr. Lyden believes Adidas's attorneys are not adequately representing their client or serving Adidas's interests, that is, quite simply, not Mr. Lyden's concern.  More fundamentally, allegations of attorney professional misconduct are quite serious and, in my view, should not be made based on hunches or belief.

Because I have determined that Mr. Lyden acted in bad faith in moving for a Rule 16 conference, I find that Adidas is entitled to recover the attorney fees it incurred in litigating that motion and in litigating its attorney fee request. Courts can award "those attorney's fees incurred because of the misconduct at issue." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017).  Thus, the fee award should "cover[] the legal bills that the litigation abuse occasioned." *Id.*  In addition, "time spent preparing a fee application is compensable." *Cruz v. Alhambra Sch. Dist.*, 282 F.. App'x. 578, 581 (9th Cir. 2008).

Here, I find Adidas may recover the full amount of requested fees.  Its attorneys claim they spent a total of 10 hours responding to Mr. Lyden's motion for a rule 16 conference.  In addition, its attorneys spent an additional 6.7 hours seeking to recover its attorney fees.  That work was all directly caused by litigating Mr. Lyden's motion, and I find that the number of hours spent on each matter is reasonable.  Thus, I award Adidas $10,140.50 in attorney fees.

//

//

**CONCLUSION**

For all of the above-stated reasons, I GRANT Defendant's Motion for Attorney Fees

[277]. I ORDER Mr. Lyden to pay $10,140.50 in attorney fees to Adidas.

 IT IS SO ORDERED.


DATED this __19__ day of June, 2017.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Court Judge